IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAACO ENTERPRISES, INC.** : | CIVIL ACTION NO.: |
| 381 Brooks Road : | |
| King of Prussia, PA 19406 : | |
| : | |
| vs. : | JURY TRIAL NOT DEMANDED |
| : | |
| : | |
| **ELISA M. CARRERA DEL MORAL and** : | |
| **LA GRAN MAQUINA, INC.** : | |
| RD #2, Kilometer 165.2 : | |
| Hormigueros, PR 00660 : | |

### CIVIL ACTION COMPLAINT

1. Plaintiff Maaco Enterprises, Inc. ("Maaco") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 381 Brooks Road, King of Prussia, Pennsylvania, 19406.

2. Defendant Elisa M. Carrera Del Moral ("Del Moral") is a resident and citizen of Puerto Rico.

3. Defendant La Gran Maquina, Inc. ("LGMI") is a corporation organized and existing under the laws of Puerto Rico and is wholly owned and controlled by Julio L. Carrera ("Carrera") and Del Moral. Del Moral and LGMI are sometimes referred to as "defendants."

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because Maaco and defendants reside in different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court also has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 because Maaco's claims against defendants include a claim for trademark infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this judicial district.

6. Jurisdiction and venue are also proper in this judicial district pursuant to the mandatory forum and venue selection clause contained at Paragraph 24.B of the Franchise Agreement entered into between defendants and Maaco, which is the subject of this dispute. A copy of the Franchise Agreement is attached as Exhibit "A".

7. Maaco is engaged in the business of franchising Maaco Auto Painting and Bodyworks Centers which specialize in automobile painting and body repair and other automotive products and services.

8. Maaco franchisees are licensed to use the trade names, service marks and trademarks of Maaco and to operate under the Maaco business system, utilizing specially designed buildings with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and information. The relationship between Maaco and its franchisees is governed by the terms and conditions of the Franchise Agreement entered into between Maaco and each franchisee.

9. Maaco owns the mark and related logo "Maaco Auto Painting and Bodyworks" which is registered with the United States Patent and Trademark Office - No. 1,050,442. Maaco and its franchisees have continuously used and advertised Maaco's trademarks throughout the United States. Maaco's trademarks distinguish its franchises from similar businesses and are widely known and recognized by consumers.

10. On February 26, 1996, Maaco, Carrera and Del Moral entered into a Maaco Auto Painting & Bodyworks Franchise Agreement (the "Franchise Agreement"), under which Carrera and

Del Moral were granted the right and undertook the obligation to operate a Maaco Auto Painting and Bodyworks Center at Rd #2, Kilometer 165.2, Hormigueros, PR 00660 (the "Center").

11. On March 21, 1996, Maaco, Carrera, Del Moral, and LGMI entered into an Assignment and Assumption Agreement (the "Assignment"). The Assignment was entered into by Maaco at Carrera and Del Moral's request so that they could operate their Maaco Center through LGMI. Under the Assignment, Carrera and Del Moral transferred their rights in the Franchise Agreement to LGMI, and LGMI assumed all of their obligations under the Franchise Agreement. Carrera and Del Moral, however, agreed to continue to be bound by the provisions of the Franchise Agreement and agreed to guarantee all of LGMI's obligations under the Franchise Agreement. A copy of the Assignment is attached as Exhibit "B."

12. Under the terms of the Franchise Agreement, defendants were required, among other things: (a) to pay to Maaco a weekly royalty fee equal to a percentage of the gross receipts generated by the Center; (b) to submit weekly reports to Maaco of the gross receipts generated by the Center; and (c) to pay to Maaco an advertising contribution for use in an advertising fund, all as set forth more fully in the Franchise Agreement.

13. By virtue of the franchise relationship, defendants also agreed to pay Maaco for paint and supplies purchased from Maaco by defendants.

14. Under paragraph 24.E of the Franchise Agreement, defendants agreed that if Maaco instituted an action at law or in equity against defendants to enforce the terms of the Franchise Agreement, Maaco would be entitled to recover, in addition to any judgment, reasonable attorney's fees, court costs and litigation expenses.

15. After defendants entered into the Franchise Agreement with Maaco, defendants failed to meet their obligations under the Franchise Agreement.

16. On May 17, 2002, Carrera filed a petition under Chapter 7 of the Bankruptcy Court in the U.S. Bankruptcy Court for the District of Puerto Rico.

17. As a result of Carrera's bankruptcy and the automatic stay in place, this action does not seek relief against Carrera.

18. By Notice of Default dated March 30, 2001, Maaco advised defendants of their defaults under the Franchise Agreement and further advised defendants that they were required under the Franchise Agreement to cure their defaults within 15 days of the date of the delivery of such notice. A copy of the Notice is attached as Exhibit "C."

19. Upon receiving the Notice, defendants requested an opportunity to cure their defaults. Without waiving and expressly reserving all of its rights under the Notice, Maaco entered into an arrangement with defendants to permit them to address their defaults under the Franchise Agreement. The terms of the agreement were memorialized in a letter dated May 10, 2001 and counter-signed by defendants. A copy of the May 10, 2001 letter is attached as Exhibit "D."

20. On May 22, 2001, defendants executed a Note in Maaco's favor in the amount of $19,530.58, such amount representing defendant's past due indebtedness to Maaco for royalty fees, advertising contributions and payments for paint and supplies. A copy of the Note is attached as Exhibit "E".

21. Defendants again failed to meet their obligations under the Franchise Agreement.

22. By Supplemental Notice of Default of Franchise Agreement, Notice of Default of Note and Security Agreement/Demand for Payment dated October 31, 2001 (the "Supplemental Notice"), Maaco advised defendants of their continuing defaults under the Franchise Agreement and further advised defendants that they were required under the Franchise Agreement to cure their defaults within 15 days of the date of delivery of such notice. A copy of the Supplemental Notice is attached as Exhibit "F".

23. As of June 14, 2002, defendants have failed to pay Maaco $65,161.90 including: (a) $12,747.60 in known royalty fees; (b) $30,232.56 for advertising expenditures; (c) $7,434.60 in paint and supplies; and (d) $14,747.14 in principal and interest due under the Note.

24. Defendants have also failed to submit to Maaco weekly reports of gross receipts at the Center as required under Paragraph 11 of the Franchise Agreement for the weeks ending May 3, 2002 through the date of this Complaint.

25. Maaco was advised that defendants ceased operation as a Maaco Center as of May 20, 2002, which constitutes a material breach of the Franchise Agreement.

26. Because of defendants' repudiation of the Franchise Agreement, by Confirmation of Termination of Franchise Agreement dated May 30, 2002, Maaco confirmed defendants' improper termination of the Franchise Agreement and further advised defendants that they no longer had any rights under the Franchise Agreement. A copy of the Confirmation of Termination letter is attached as Exhibit "G".

27. Defendants continue to trade under and profit from Maaco's federally registered trademarks, to the detriment of Maaco, its authorized franchisees and consumers. By this Complaint, Maaco seeks to enforce the termination of the Franchise Agreement and to collect amounts due under the Franchise Agreement and the Note.

28. Under the Franchise Agreement, defendants agreed that, upon termination, for a period of one year, they would not, among other things: (a) directly or indirectly, represent to the public or hold themselves out as present or former Maaco franchisees; and (b) directly or indirectly, for themselves or through, on behalf of, or in conjunction with any person, persons, partnership or corporation own, maintain, engage in, be employed by or have any interest in any business specializing in whole or in part in providing automobile painting or body repair services or products at the premises of the Center or within a ten (10) mile radius of the Center.

29. Despite termination of the Franchise Agreement, defendants continue to operate an automobile painting and body repair business from their former Maaco Center.

## COUNT I

### (Trademark Infringement and Unfair Competition)

30. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

31. Subsequent to the termination of the Franchise Agreement, defendants continue to operate an automobile painting and body repair center at Rd #2, Kilometer 165.2, Hormigueros, PR 00660, using a telephone number advertised under Maaco's trademarks.

32. Defendants have knowledge of the termination of the Franchise Agreement and are intentionally trading on Maaco's trademarks and deliberately misappropriating Maaco's goodwill for their own benefit.

33. Defendants' continued use of the telephone number advertised under Maaco's trademarks is depriving Maaco of revenues and profits.

34. Maaco has no adequate remedy at law because it cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Maaco trademarks, trade dress and business system over many years.

35. Defendants are guilty of trademark infringement pursuant to 15 U.S.C. §1116(a); defendants' false representation of the Center as being affiliated with Maaco also constitutes a false designation of the origin of defendants' services in violation of 15 U.S.C. §1125(a); and defendants' conduct is a violation of the common law of unfair competition and is an unfair trade practice under the common law.

36.     Defendants' continued unauthorized use of the telephone number advertised under Maaco's trademarks to operate a competing business as set forth above will cause Maaco irreparable injury in that business will be diverted from Maaco's authorized franchisees; the goodwill related to Maaco's trademarks, trade dress and business system will be diluted and taken from Maaco's control; and Maaco will lose profits and revenues which, because of defendants' conduct, cannot be readily calculated.

37.     Maaco's immediate and irreparable harm will continue unless defendants are enjoined from committing these wrongful acts.

**WHEREFORE**, plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendants Elisa M. Carrera Del Moral and La Gran Maquina, Inc., jointly and severally, as follows:

(a)     A preliminary and permanent injunction enjoining defendants from communicating, divulging, or using for the benefit of any other person, persons, partnership, association or corporation, any trade secrets or confidential information, knowledge or know-how communicated or disclosed to defendants by Maaco;

(b)     A preliminary and permanent injunction enjoining defendants from holding themselves out as present or former Maaco franchisees;

(c)     A preliminary or permanent injunction enjoining defendants from using, by advertising or in any manner whatsoever, any equipment, confidential methods, procedures and techniques associated with the Maaco business system; the trade and service mark "Maaco Auto Painting and Bodyworks", and any other Maaco trade name, trademark, service mark, or distinctive form, slogan, sign, symbol or device associated with the Maaco business system including all signs, equipment, advertising materials, stationery, forms and any other articles which display Maaco's trademarks, trade names or service marks;

(d) An order requiring defendants to cancel any assumed name or equivalent registration which contains the name "Maaco Auto Painting and Bodyworks" or any other service mark or trademark of Maaco;

(e) An order requiring defendants to cease using all telephone numbers used in the operation of their Center and to transfer to Maaco the telephone number advertised under Maaco's trademarks;

(f) An order requiring defendants to turn over to Maaco all manuals, including the Maaco Confidential Operating Manual, records, files, instructions, correspondence, all materials related to defendants' operation of the Center including all brochures and agreements, and any and all other materials relating to the operation of the Center;

(g) An accounting by defendants of the profits to which Maaco may be entitled;

(h) Treble damages pursuant to 15 U.S.C. §1117;

(i) Exemplary damages;

(j) Attorney's fees;

(k) Costs of this action;

(l) Pre-judgment and post-judgment interest; and

(m) Such further relief as this Court deems appropriate.

## COUNT II

### (Covenant Not to Compete)

38. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

39. Defendants' continued operation as set forth above is a breach of their obligations under the Franchise Agreement to not operate an automobile painting or body repair business at Rd #2, Kilometer 165.2, Hormigueros, PR 00660, or within a ten (10) mile radius thereof. Defendants' continued operation has caused and will continue to cause Maaco irreparable harm. Additionally, Maaco's other authorized franchisees and the consuming public will suffer irreparable harm as a result of defendants' conduct. The damages sustained by Maaco as a result of the loss of its goodwill, the relationship problems encountered with its other franchisees and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

40. Maaco has no adequate remedy at law in that the damages as set forth above, including loss of goodwill, interference with its other franchise relationships, lost profits and the inability to refranchise defendants' market area cannot be compensated in monetary damages.

**WHEREFORE**, plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendants Elisa M. Carrera Del Moral and La Gran Maquina, Inc., jointly and severally, as follows:

(a) A preliminary and permanent injunction, enjoining defendants, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from owning, maintaining, engaging in, being employed by, or having any interest in any business specializing in whole or in part in providing automobile painting or body repair services or products at or within a radius of ten (10) miles thereof for the one (1) year period following the

9

       termination of the Franchise Agreement or the date on which defendants comply with the Franchise Agreement post-termination covenant not to compete, whichever is later;

(b)     A preliminary and permanent injunction enjoining defendants, for the one year period following the termination of the Franchise Agreement or the date which defendants cease to operate the franchise, whichever is later, from diverting or attempting to divert any business or customer of the Center to any competitor, by direct or indirect inducement or otherwise, or from doing or performing, either directly or indirectly, any other act injurious or prejudicial to the goodwill associated with Maaco's trademarks, trade names, service marks or the Maaco business system;

(c)     A preliminary and permanent injunction enjoining defendants, for the one year period following the termination of the Franchise Agreement or the date which defendants cease to operate the franchise, whichever is later, from employing or seeking to employ any person who is at that time employed by Maaco or by any Maaco franchisee, or otherwise directly or indirectly inducing such person to leave his employment with Maaco or such Maaco franchisee;

(d)     Attorney's fees;

(e)     Costs of this action;

(f)     Pre-judgment and post-judgment interest; and

(g)     Such further relief as this Court deems appropriate.

## COUNT III

### (Money Damages for Breach of Franchise Agreement)

41. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

42. Defendants have failed to pay to Maaco $50,414.76, plus all amounts due for weeks in which required reports were not submitted.

**WHEREFORE**, plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendants Elisa M. Carrera Del Moral and La Gran Maquina, Inc., jointly and severally, in the amount of $50,414.76 plus all amounts due for weeks in which required reports were not submitted, together with pre-judgment and post-judgment interest, costs, attorney's fees and such other relief as this Court deems appropriate.

## COUNT IV

### (For an Accounting)

43. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

44. Under the terms of the Franchise Agreement, defendants agreed to account to Maaco for gross receipts generated in the operation of the Center.

45. Defendants have failed to account to Maaco for gross receipts generated in the operation of the Center.

46. The amount of gross receipts generated in the operation of the Center, upon which royalty fees are calculated, is peculiarly in the knowledge of defendants, and Maaco requires an accounting of the amount of these gross receipts.

**WHEREFORE,** plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendants Elisa M. Carrera Del Moral & La Gran Maquina, Inc., jointly and severally, for an accounting of the gross receipts of the Center for the weeks during which defendants failed to submit required reports to Maaco, and as a result of such accounting, be ordered to pay to Maaco the sums due it as a franchise royalty fee on such gross receipts, together with pre-judgment and post-judgment interest, costs, attorney's fees and such further relief as this Court deems appropriate.

## COUNT V

### (Loss of Future Royalty Payments)

47. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

48. By failing to continue operating as a Maaco Center as set forth above, defendants have committed a material breach of the Franchise Agreement.

49. As the result of such breach and repudiation of the Franchise Agreement, Maaco confirmed defendants' termination of the Franchise Agreement by letter dated May 30, 2002.

50. Under the terms of the Franchise Agreement, Maaco had anticipated receiving continuing revenue from defendants' royalty payments until February 26, 2011.

51. Defendants' breach of the Franchise Agreement has damaged Maaco in that Maaco no longer has the potential to receive future royalties and payments for the remaining unfulfilled term of the Franchise Agreement.

**WHEREFORE**, plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendants Elisa M. Carrera Del Moral and La Gran Maquina, Inc., jointly and severally, in a sum to be determined at the time of trial (reduced to its present value), representing the value of royalty payments anticipated by Maaco under the Franchise Agreement for the term of the contract, together with

costs, attorney's fees, pre-judgment and post-judgment interest and such other relief as the Court deems appropriate.

## COUNT VI

### (Confession of Judgment)

52.   Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

53.   Defendants have failed to pay to Maaco pursuant to the terms of the Note, and as of June 14, 2002, defendants owe Maaco the principal sum of $13,491.38, plus interest, costs and attorney's fees.

54.   The Note contains a Confession of Judgment for the amount of $13,491.38, together with interest, costs and attorney's fees.  See Exhibit "E."

55.   As of June 14, 2002, defendants are in default under the Note in that on or about May 20, 2002, defendants ceased operating as a Maaco Center and failed to make payment under the Note despite Maaco's demand for payment.

56.   The Note has not been assigned.

57.   Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

58.   No judgment has been entered on the Note in any jurisdiction.

59.   As of June 14, 2002, defendants are in default to Maaco under the Note as follows:

| | |
|---|---:|
| Principal | $ 13,491.38 |
| Interest (through 6/14/02) | 1,255.76 |
| Costs | 150.00 |
| Attorney's Fees | 1,500.00 |

    Total        <u>$16,397.14</u>

**WHEREFORE**, plaintiff Maaco Enterprises, Inc. demands that a Judgment by Confession for Money is entered against defendants jointly and severally, and in favor of plaintiff Maaco Enterprises, Inc., in the amount of $16,397.14 pursuant to the Note entered into between the parties, said amount being comprised of $13,491.38 in principal due, $1,255.76 in interest due, $150.00 in costs and attorney's fees of $1,500.00, all as authorized under the Note.

## **COUNT VII**

### **(Declaratory Judgment)**

60. Maaco incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

61. Defendants' failure to pay Maaco the amounts due under the Franchise Agreement and defendants' continued operation of an auto painting and body repair business located at Rd #2, Kilometer 165.2, Hormigueros, PR 00660 creates an actual controversy between Maaco and defendants concerning the rights and obligations contained in the Franchise Agreement. Maaco, therefore, requests that the Court declare defendants to be in violation of the Franchise Agreement.

62. Pursuant to this declaration, Maaco requests that the Court declare that the Franchise Agreement has been properly terminated and further declare that defendants have no further rights with respect to the Franchise Agreement.

63. Maaco further requests that the Court order defendants to pay Maaco its costs and reasonable attorney's fees incurred in enforcing the termination of the Franchise Agreement as provided in the Franchise Agreement.

**WHEREFORE**, plaintiff Maaco Enterprises, Inc. demands that this Court enter a Declaratory Judgment declaring defendants to be in default of the Franchise Agreement; declaring that the Franchise Agreement has been properly terminated; and declaring that defendants pay Maaco its reasonable attorney's fees, costs, and such other relief as this Court deems appropriate.

                                                        _____
                                                        __Joseph Schumacher
                                                        Christina K. Peterson
                                                        Pa. ID Nos. 45726/80086
                                                        Wiggin & Dana LLP
                                                         1055 Westlakes Dr.
                                                        3rd Floor
                                                        Berwyn, PA 19312
                                                        Attorneys for Plaintiff
                                                        MAACO Enterprises, Inc.

Dated: July 11, 2002