IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAACO ENTERPRISES, INC.** | : | **CIVIL ACTION NO.: 02-4012** |
| 381 Brooks Road | : | |
| King of Prussia, PA 19406 | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| **ELISA M. CARRERA DEL MORAL** and | : | |
| **LA GRAN MAQUINA, INC.** | : | |
| RD #2, Kilometer 165.2 | : | |
| Hormigueros, PR 00660 | : | |

### AFFIDAVIT OF CHRISTINA PETERSON

I, Christina Peterson, state as follows:

1. I represent plaintiff Maaco Enterprises, Inc. in the above-captioned matter and I have personal knowledge of the facts set forth in this Affidavit.

2. On June 21, 2002, the Court issued the summonses in this case. Upon receipt of the summonses, Maaco took immediate action to effect service of the summonses and complaint on defendants.

3. Maaco promptly identified a process server in Puerto Rico, Roberto Morales, and on July 2, 2002, sent Mr. Morales service copies of the summonses and complaint for service on defendants at, RD #2, Kilometer 165.2, Hormigueros, Puerto Rico, their former Maaco Center.

4. Mr. Morales advised me that the Center was in a remote area of Puerto Rico and that it took him nearly three hours to travel there which is why it was taking longer than usual for him to complete service.

5. Mr. Morales advised me that he made several attempts to serve defendants at defendants' former Center but was told that the business at that location had closed.

6.    On August 6, 2002, Maaco provided Mr. Morales with the last known home address for defendant Del Moral as an alternative place for service.

7.    Over the next several weeks, my office attempted to reach Mr. Morales to determine the status of service.

8.    Mr. Morales failed to respond until September 27, 2002 when he faxed an affidavit advising that he was unable to effect service because the house was demolished over a year ago. A copy of Mr. Morales' affidavit is attached as Exhibit "A".

9.    Maaco subsequently learned that, contrary to what Mr. Morales was told, defendants' business was still operating at the location of their former Maaco Center.

10.    Mr. Morales, however, was unwilling to travel back to the former Center to attempt service again. Id.

11.    After Mr. Morales' several failed attempts to serve defendants, with some difficulty, Maaco located at a law firm close to the former Center which agreed to assist with serving the defendants.

12.    On October 18, 2002, Maaco faxed service copies of the summons and complaint to the Puerto Rico law firm.

13.    On October 21, 2002, Julio Olivari, a paralegal, served Julio L. Carrera, the person in charge of the automobile painting and body repair business, now known as "Automax" at the defendants' former Center on behalf of both defendants. Mr. Olivari provided both affidavits of service and the return of service forms for each defendant. Copies of Mr. Olivari's Affidavits of Service and Returns of Service for each defendant are attached as Exhibit "B".

                                                                                                   _____
                                                                                                   Christina K. Peterson

Sworn and subscribed to before me
this ____ day of _____, 2002

_____

Notary Public